YALE LOCK MANUF'G Co. and others *v.* BERKSHIRE NAT. BANK and another.

(*Circuit Court D. Massachusetts.*   August 14, 1883.)

PATENT—REISSUES NOS. 7,947 AND 8,550.
Claim 3 of reissued patent No. 7,947, granted to James Sargent, and all of the claims except claims 1 and 7 in reissued patent No. 8,550, granted to Samuel A. Little for "improvements in locks for safes and vaults," *held* void.

In Equity.

*Causten Browne, Edmund Wilmore,* and *George T. Curtis,* for complainants.

*E. N. Dickerson* and *Thomas A. Logan,* for defendants.

LOWELL, J.   This suit is brought to establish and enforce the rights of the plaintiffs as the owners of the two patents for improvements in locks for safes and vaults, reissue 8,550, to Samuel A. Little, and reissue 7,947, to James Sargent.   The Little patent was reissued three times for the benefit of the plaintiffs, and its claims have been enlarged in number from 3 to 17.   It is probable that the motive of this action was to enjoin the use of locks like the defendants'; and, if this intent were decisive, the reissue must be held void.   The plaintiffs contend that intent and act must concur, as in other penal cases; that Little was the first person to make a time-lock, with adjustable devices for controlling the time of locking as well as that of unlocking a door; that this invention was clearly described and claimed in the original specification; and insist that claims 1 and 7 are saved by the operation of this rule.   These claims were sustained by Judge SHIPMAN in *Yale Lock Manuf'g Co.* v. *Norwich Nat. Bank,* 19 Blatchf. 123, (S. C. 6 FED. REP. 377,) and all the questions of novelty and patentability were passed upon. With his opinion I fully agree, and I refer to the report of that case for an able, thorough, and satisfactory discussion of those questions. When the case in Connecticut was decided, *Miller* v. *Bridgeport Brass Co.* 104 U. S. 350, had not been published; but it was said in the argument before me that Judge SHIPMAN had had his attention called to that decision by a motion to dissolve the injunction in Connecticut, and had refused to dissolve it.   This point, though a difficult one, I decide in conformity with Judge SHIPMAN's action, for the reason that in a patent like the original patent of Little, it would be proper to construe his second claim somewhat broadly, and so as to reach the substituted adjustable devices and their connection with the "dog," in the lock of the defendants in that case, which were substantially like those in question here.

The Hall lock has, besides the devices above referred to, an arrangement entirely different from any shown in the case in Connecticut. The plaintiffs have two time movements to control the lever which controls the "dog," and the defendant has but one.   The seventh

claim of the patent is for the combination of the "time movements," in the plural number, "and two adjustable devices, one for determining the time of locking and the other of unlocking." But the first claim, which differs but little from the seventh, has the words "time mechanism," and both forms were well-known substitutes for each other at the date of the patent. The two movements are exactly alike, and the whole purpose of the second movement is to give an additional safeguard against a lock-out, if one movement should stop. It is not to be expected that the patentee would make the use of a single or double time movement an essential element of his invention, and I am fully satisfied that he had not such intent, and that he has not so expressed himself in his first claim, even if he has in his seventh claim, which, I think, he has not, when that claim is construed in connection with the rest of the specification.

I am not able to agree with the commissioner of patents, and with Judge SHIPMAN, that claim 3 of the Sargent reissue, No. 7,947, is valid; and my excuse for a somewhat elaborate discussion of the subject is that I differ from those high authorities, as well as from the able board of examiners in chief of the patent-office.

This patent was reissued so soon after its grant that it is not obnoxious to the objection of undue delay. Its invalidity is inherent in its nature. The specification mentions, without describing, a combination lock, which is declared to be of any ordinary construction; it carefully describes a time-lock, which is said by the plaintiffs to be new and highly useful, but says that any time-lock will serve the purpose of the combination. Claims 1 and 3 make no reference to this mechanism; and claim 3 undertakes to monopolize what is now called the triple combination of any time-lock, and any combination or key lock, with the multiple bolt-work of a single door of a vault or safe. The claim must be construed in the broadest possible manner, or there is no infringement. It is—

"(3) The combination, with the bolt-work of a safe or vault door, of a combination or key lock, controllable mechanically from the exterior of said door, with a time-lock having a lock-bolt or obstruction for locking and unlocking controllable from the interior of said door, both of said locks being arranged so as to rest against or connect with the bolt-work, the time-lock being automatically unlocked by the operation of the time-movement, both of said locks being independent of each other, and arranged to control the locking and unlocking of the bolt-work, so that said safe or vault door cannot be opened when locked until both of said locks have been unlocked, or have released their clogging action, to enable the door to be opened substantially as described."

This claim is a complete patent in itself, and has no necessary connection with the mechanism described in the specification; and the words "substantially as described" have no meaning.

Multiple bolt-work, which means several bolts connected with a common cross-bar, so that by locking the bar you lock all the bolts, had been used on heavy iron doors, such as those of safes and vaults,

long before the date of the patent, and had been known to Sargent himself for 16 years or more when he testified in 1877. Safe doors had been fastened by key-locks, by combination locks, and by time-locks, and all these locks had been applied to independent bolt-work. Two combination locks had been used upon a single door with such bolt-work; and a time-lock and combination lock had been put upon a single door with two sets of multiple bolt-work. This is found to be the state of the art by Judge SHIPMAN, and the record of his case, and of still another, as well as the evidence taken for this case, are made part of the record here, and I agree with his findings of fact. In this state of the art, there was no patentable novelty in putting one old form of lock, a time-lock, in place of another, a combination lock, in the instance above mentioned, of two combination locks dogging one compound bolt-work. Nor was it patentable to substitute a well-known multiple bolt-work for two such bolt-works with which a time-lock and combination lock had been combined in another of those instances. But my opinion does not depend wholly upon the proved state of the art, excepting that multiple bolt-work was a familiar part of a vault door. There never was a time, in my judgment, since the first lock was invented by Tubal Cain, or whoever was the inventor, when there was patentable novelty in combining two locks with a single door. There may be no record of its having been done, but no one can doubt that whenever one lock was found to be inadequate, another was added. I cannot make this plainer by argument, but I may, perhaps, by illustration. When nails were invented and had become public property, the carpenter who had the right to use one nail might use two, if he found one would not fasten his two pieces of wood sufficiently for his purpose. If one has invented a pair of shoes of a new form, and another a pair of shoes of a different form, a combination, consisting of putting a shoe of one of these forms upon the right foot, and one of the other form upon the left, would not be patentable. If one has made a new plow and used it with oxen, it is not patentable to use the same plow in combination with a horse, independently of the mechanical adaptation. In the language of the old law, it is a double use. To the man who invents a lock, there must always remain the right to use it on an old door, in addition to any old lock which he finds or may choose to put on that door.

I will now consider the reasons which have been given in the patent-office, and in the circuit court, for sustaining this broad claim. In *Little* v. *Sargent*, 12 O. G. 186, there were questions of priority between several inventors, and, incidentally, the point was taken that a claim, now the first of the reissue, which is only a trifle less broad than the third, could not be granted. The learned commissioner said:

"The very claim which Little now insists should be restricted, stands upon the record ascribed to himself."

Here, it seems, was a sort of estoppel. But he adds:

"I am inclined to think that the combination of the time-lock and the ordinary lock, each independent of the other, but so applied and connected to the bolt-work as to operate effectively in conjunction or independently, is an advance upon the old method of applying the time mechanism directly to the combination or key lock, and the original and first inventor is entitled to a patent."

This extract assumes, what is more fully stated in another part of the opinion, that the old method was to use a time-lock as a mere auxiliary to the key or combination lock, by dogging the bolt of that lock. This method, as the learned commissioner justly says, diminishes the value of the time-lock very materially. He was mistaken in supposing that Sargent was the first to separate the two locks, as is not only abundantly proved in this case, and found by Judge SHIPMAN, but is twice stated in Sargent's specification. Assuming, wrongly, that Sargent was the first to separate the locks,—that is to say, to make a time-lock capable of acting separately, (for key-locks and combination locks had always had that capacity,)—the commissioner argues that he should have a broad claim. This is true. He should have a broad claim for a separate time-lock; but the third claim is for the fact or principle of separation.

When the time came to pass upon the Sargent reissue, the examiner rejected claim 3, for the reasons which induce me to declare it too broad. He was overruled by the examiners in chief for the following reasons, found in the Connecticut Record of Complainants, page 288:

"The patentability of Little's claim [which was equally broad] has once been before us in the aforesaid interference, and, after full argument, we concluded that his claim was tenable, and held that some one who was first to combine with the bolt-work on a vault or safe door, key-lock and time-lock, acting independently of each other, but jointly upon the bolt-work, might have a valid patent therefor. All the purposes of security, or of locking a safe or vault door, are performed by the parts named. It is true that some means of connection and support must be resorted to, to keep the parts in their relative positions, in order that they may jointly perform their functions, but it will hardly be assumed that the first to combine these three principal elements must be limited to the particular way of fastening these parts in juxtaposition adopted by him, or that it is necessary for him to recite that they must be secured substantially as described."

"'Means whereby,' while being essential to the convenient use of the combination, is merely incidental to the main idea, and may be varied indefinitely without departing from the spirit and scope of the applicant's invention."

As I understand this reasoning and conclusion, they are that the applicant has discovered a great principle or process, which he may patent independently of any particular means for carrying it out, whether they be old or new, discovered before the date of the patent, or at any time during its continuance. In my opinion, such a claim in a mechanical patent like Sargent's is void on its face as a patent for a principle, of which this claim seems to be an excellent illustra-

tion, independently of the state of the art; and void in view of the state of the art, as I have before shown.

Judge SHIPMAN's very able argument is that the triple combination of bolt-work, time-lock, and key or combination lock, is a true combination, and not a mere aggregation, and is new and useful. To arrive at these conclusions, he compared the two locks on a single door with the same locks on separate doors, one inside of the other, as some persons had used them. He does not say wherein the patentable novelty consists in substituting a well-known time-lock for a well-known combination lock, in one of the old safes; or one kind of bolt-work for another, both well known, in another of them.

The fact, if it be one, relied on to prove the combination to be new, namely, that no person had actually, in 1874, put the two kinds of locks on a single bolt-work, is easily accounted for by another circumstance, much dwelt on by the plaintiffs, that time-locks had not gone into general use at that time. The man or men who have made successful time-locks cannot be prohibited the use of them, simply because some one steps forward at once, before any one else has had time to do so, and points out one of the obvious modes of their use. The first man who ever obtained a patent for a time-lock in the United States, in October, 1847,—J. Y. Savage, patent No. 5,321,—said in his specification: "Besides the bolt or bar and the other apparatus which I am about to describe, and which is to be operated on without the intervention of a key, any additional fastening may, of course, be used;" but he considers such a course unadvisable, because with the use of the time-lock alone the door might be made solid and flat, without openings to assist the burglar. The answer of the plaintiffs' expert to this reference is that, at that early day, multiple bolt-work was not well-known, and that it might, perhaps, have required invention to combine the two locks with such bolt-work in 1847. There was no such difficulty at the date of the Sargent patent, which contains a statement that time-locks and combination locks have been, severally, connected with independent bolt-work; and the "of course" remains true. It is "of course" that every owner of a lock knows, without experiment and without invention, that he can put it upon the same door with any other lock, if the door is large enough; and if it is not, every one knew at the date of the Sargent patent that a time-lock may be put in any convenient place on or in the safe near enough to dog the bolt-work.

For these reasons I hold claim 3 of Sargent's reissue to be void.

Decree for the complainants upon claims 1 and 7 of the Little reissue only.