GENERAL ELECTRIC CO. v. BULLOCK ELECTRIC MFG. CO. et al.

(Circuit Court, S. D. Ohio, W. D. February 19, 1906.)

No. 5,655.

PATENTS—INVENTION—ARMATURE.

The Reist patent, No. 573,107, for securing field magnet poles, is void for lack of patentable invention.

In Equity. Suit for alleged infringement of letters patent No. 573,-107 granted to the General Electric Company December 15, 1896, as the assignee of Henry G. Reist.

Richardson, Herrick & Neave, for complainant.
Stem, Heidman & Mehehope and C. V. Edwards, for defendant.

THOMPSON, District Judge. The claims of the patent are as follows:

"(1) The combination with a revolving field magnet structure, of pole-pieces separated from each other, and arranged on the periphery of said field-magnet structure, said pole-pieces being composed of laminated material, and being dovetailed into the periphery of said revolving structure, and means for taking up the play of the parts.

"(2) The combination with a revolving field-magnet structure, of pole-pieces projecting from the periphery of said field-magnet structure and separated from each other, said pole-pieces being each composed of a bundle of laminæ, and outside clamping-plates, the several parts being bolted together, the pole-pieces being dovetailed to the periphery of said revolving structure, and keys for taking up the play of the parts, as herein set forth."

In the specification, the alleged invention is described as follows:

"My invention relates to securing pole-pieces to revolving field-magnet structures, particularly in alternating-current dynamos, where the field-magnet poles are made of assembled laminations of sheet iron. To this end I make the laminations with a dovetailed tenon upon the ends, so that when they are assembled the pole-piece may be slipped sideways into the field-magnet structure. I then insert keys, so as to take up any lost motion between the pole-piece and the field-magnet; the end plates of the poles being provided with overhanging lips or flanges which serve to retain the field-magnet coils in place. I may then remove any field-magnet coil or any pole piece without removing the field-magnet structure as a whole. It is manifest that this invention may take a number of forms, all embodying the same general characteristics."

Four of the many different forms are shown in the drawings. The use of larger machines, in the course of the development of the art, called for stronger means for fastening the pole-pieces to the yoke, but which would be consistent with the maintenance of the magnetic and electric conditions and the advantages secured by such structures as that of the Parcelle patent, No. 463,704. The problem was purely a mechanical one, and the mechanic arts afforded a broad field for the selection of such means, and Reist chose therefrom a well-known method, that of the dovetail and key, which permits the use of many different forms, "all embodying the same general characteristics," four of which he employs, and, in addition, claims the exclusive right to employ the one used by the defendant and necessarily all forms thereof used for the same purpose.

Upon his own showing, the invention claimed lies in the adaptation of the dovetail and key method to the fastening of the pole-piece to

the yoke. The selection of this well-known method did not require the exercise of the inventive faculty and no more difficulties attended its adaptation than usually follow its employment in numerous devices of the mechanic arts. When the conditions are known, the adaptation, usually, may safely be intrusted to the skilled mechanic. It is a problem for the electrical engineer and the skilled mechanic, and not for the inventor.

Patentable invention is not shown, and the bill will be dismissed.

