GENERAL ELECTRIC CO. v. BULLOCK ELECTRIC MFG. CO. et al.

(Circuit Court of Appeals, Sixth Circuit. March 21, 1907.)

No. 1,567.

PATENTS—INVENTION—FIELD-MAGNET POLES.

 The Reist patent, No. 573,107, for means of securing field-magnet poles, is void for lack of patentable invention.

Appeal from the Circuit Court of the United States for the Western Division of the Southern District of Ohio.

W. K. Richardson, for appellant.

Thomas F. Sheridan and Clifton V. Edwards, for appellees.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This was a suit in equity brought by the General Electric Company against the Bullock Electric Manufacturing Company and others, for an injunction, with the usual prayer for an accounting, for the infringement of letters patent No. 573,107, issued December 15, 1896, to Henry G. Reist, the assignor of the complainant, for securing field magnet poles. In the specification, the invention is described as follows:

"My invention relates to securing pole-pieces to revolving field-magnet structures, particularly in alternating-current dynamos, where the field-magnet poles are made of assembled laminations of sheet iron. To this end I make the laminations with a dovetailed tenon upon the ends, so that when they are assembled the pole-piece may be slipped sidewise into the field-magnet structure. I then insert keys. so as to take up any lost motion between the pole-piece and the field-magnet, the end plates of the poles being provided with

overhanging lips or flanges which serve to retain the field-magnet coils in place. I may then remove any field-magnet coil or any pole-piece without removing the field-magnet structure as a whole."

It is stated in the specification that it is manifest that the invention may take a number of forms, and four of these forms are illustrated in the drawings. The claims are as follows:

"(1) The combination with a revolving field-magnet structure, of pole-pieces separated from each other, and arranged on the periphery of said field-magnet structure, said pole-pieces being composed of laminated material, and being dovetailed into the periphery of said revolving structure, and means for taking up the play of the parts.

"(2) The combination with a revolving field-magnet structure, of pole-pieces projecting from the periphery of said field-magnet structure and separated from each other, said pole-pieces being each composed of a bundle of laminæ, and outside clamping-plates, the several parts being bolted together, the pole-pieces being dovetailed to the periphery of said revolving structure, and keys for taking up the play of the parts, as herein set forth."

The defense made in the court below was "lack of invention," and, in disposing of it, Judge Thompson said (146 Fed. 551):

"The use of larger machines, in the course of the development of the art, called for stronger means for fastening the pole-pieces to the yoke, but which would be consistent with the maintenance of the magnetic, and electric conditions and the advantages secured by such structures as that of the Parcelle patent, No. 463,704. The problem was purely a mechanical one, and the mechanic arts afforded a broad field for the selection of such means, and Reist chose therefrom a well-known method, that of the dovetail and key, which permits the use of many different forms, 'all embodying the same general characteristics,' four of which he employs, and, in addition, claims the exclusive right to employ the one used by the defendant and necessarily all forms thereof used for the same purpose.

"Upon his own showing, the invention claimed lies in the adaption of the dovetail and key method to the fastening of the pole-piece to the yoke. The selection of this well-known method did not require the exercise of the inventive faculty, and no more difficulties attended its adaption than usually follow its employment in numerous devices of the mechanic arts. When the conditions are known, the adaption, usually, may safely be intrusted to the skilled mechanic. It is a problem for the electrical engineer and the skilled mechanic, and not for the inventor.

"Patentable invention is not shown and the bill will be dismissed."

While we failed to agree with Judge Thompson in his holding that no invention was shown in the Parcelle patent, we cannot withhold our approval of the conclusion of a similar nature which he reached in the present case. The Reist patent involves nothing more than the application of the well-known dovetail and key method to the fastening of the laminated pole-pieces of a field magnet to the yoke thereof. This method of fastening has been used time out of mind in all kinds of purely mechanical devices, and recently also in dynamos and other electric machinery, so there is no question in this case, as in the Parcelle, of the transfer of a well-known device from a remote art to one in which it had not then been used. The invention does not present any result, whether mechanical, magnetic, or electric, which was new. They were all old. Nor was there any combination produced which had the merit of novelty or invention.

The judgment is affirmed.