**HAMILTON MFG. CORP.**

v.

**TOLEDO GUILD PRODUCTS, Inc.**

No. 11819.

United States Court of Appeals,
Sixth Circuit.

Feb. 16, 1954.

John F. Oberlin, Cleveland, Ohio,
Verne A. Trask, Indianapolis, Ind., John
F. Oberlin, Oberlin & Limbach, Cleveland, Ohio, Verne A. Trask, Schley,
Trask & Jenkins, Indianapolis, Ind., for
appellant.

Carl F. Schaffer, Toledo, Ohio, Carl F.
Schaffer, Owen & Owen, Toledo, Ohio,
for appellee.

Before SIMONS, Chief Judge, and
MARTIN and McALLISTER, Circuit
Judges.

PER CURIAM.

In this suit, brought for alleged patent infringement, the district court held
that the defendant, Toledo Guild Products, Inc., failed to overcome the presumption of validity that attaches to a
patent and to "prove its invalidity by
the heavy burden cast upon it," but that
the defendant's accused table construction could not be construed as covered
by the claimant's patent, Hamilton No.
2,306,879; and that Claims 7 and 8
thereof were therefore not infringed.
The complaint was dismissed with costs
assessed against the plaintiff, now appellant.

The object of the invention, as stated
by the inventor, was to produce a rigid
and sturdy stool or chair which can be
simply and economically manufactured
and be shipped in knocked-down condition in a compact package to be assembled readily by a retailer or purchaser.

Only two claims of the patent, namely
7 and 8, were involved. Claim 7 reads,
as follows: "In a stool or chair, a generally horizontal sheet-metal seat having
a generally downwardly extending peripheral flange having a plurality of
spaced openings, a leg associated with
each of said openings, said leg being
formed at its upper end to provide
means engageable with one edge of the
associated opening to provide a pivotal

connection about which the leg may be swung downwardly toward a normal vertical position, said leg and said flange having below the opening *vertically extending, interfitting* provisions engageable by such swinging movement of the leg and co-operating when engaged to prevent movement of the leg about a horizontal axis radial of the seat, and a ring secured to the legs near the lower end thereof." [Italics supplied].

The district court found that, after the original application had been rejected by the patent office examiner on the ground, among others, that Claims 7 and 8 were anticipated by Boggs Patent No. 1,467,830, the patentee amended those claims, interlining after the word "having" and before the word "provisions" the following words, "vertically extending, interfitting." The examiner then approved the amended application, and the patent was issued.

The court found further that the defendant-appellee does not utilize vertically extending and interfitting provisions engageable by the swinging movement of the leg and cooperating when engaged to prevent movement of the leg about a horizontal axis radial of the seat. In fact, the court found that the joint utilized by the appellee on its table model is of such insecure nature as to preclude its use on a stool or chair.

It was found as a fact, further, that the defendant-appellee employed the same old elements in the art as did the plaintiff-appellant with respect to the tongue-and-slot method of making the initial connection between the leg and the table and also the countersunk or mortised-fitting of the joint and the connecting ring. The court considered that Claims 7 and 8 of the patent should not be construed so broadly as to preclude the use by others of these old elements. The court found as a matter of fact that the plaintiff had failed to establish infringement as alleged in its complaint.

 There is substantial evidence to support this finding of fact, which certainly is not clearly erroneous. The question of patent infringement is a question of fact. As this court said, in Johnston v. Atlas Mineral Products Co. of Pennsylvania, 6 Cir., 140 F.2d 282, 285: "Keeping in mind that infringement is a question of fact (Aluminum Co. of America v. Thompson Products Co., 6 Cir., 122 F.2d 796, 799) we think that we are peculiarly dependent upon the trial judge for the weight to be attached to the evidence. [Citing two Sixth Circuit cases] * * * There was a finding of fact * * * that there was no infringement of appellant's patent which we are not at liberty to set aside unless it was clearly erroneous. Rule 52 of the Rules of Civil Procedure [28 U.S.C.]."

 Inasmuch as this court affirms the judgment of the district court that the appellee is not guilty of infringement of the pertinent claims of the patent in suit, it is not appropriate that we should decide the question of validity; but, as that issue has been vigorously argued on this appeal, we think it not amiss to say that under authority of prior decisions of this court and of the Supreme Court the question of validity of the patent claims in suit is a matter of grave doubt. Winton Motor Carriage Co. v. Lindsay Auto Parts Co., 6 Cir., 239 F. 521; General Electric Co. v. Bullock Electric Mfg. Co., 6 Cir., 152 F. 185; Murray-Ohio Mfg. Co. v. E. C. Brown Co., 6 Cir., 124 F.2d 426; Universal Products Co. v. Montgomery Ward & Co., 6 Cir., 146 F.2d 957; Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 152, 71 S.Ct. 127, 95 L.Ed. 162; Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 549, 58 S.Ct. 662, 82 L.Ed. 1008; Toledo Pressed Steel Co. v. Standard Parts, 307 U.S. 350, 356, 59 S. Ct. 897, 83 L.Ed. 1334. See also Allied Wheel Products v. Rude, 6 Cir., 206 F.2d 752; General Motors Corp. v. Estate Stove Co., 6 Cir., 201 F.2d 645.

The judgment of the district court is affirmed.