## NATIONAL ELECTRIC SIGNAL CO. v. CITY OF WACO, TEX.

### No. 8262.

Circuit Court of Appeals, Fifth Circuit.

June 11, 1937.

Jesse R. Stone and Lester B. Clark, both of Houston, Tex., for appellant.

S. J. Brooks, of San Antonio, Tex., and Henry R. Ashton, of New York City, for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit. Judges.

FOSTER, Circuit Judge.

Appellant, National Electric Signal Company, as owner of three United States patents, issued to Henry Garrett, to wit, No. 1,625,990, issued April 26, 1927; No. 1,728,602, issued September 17, 1929; and No. 1,743,965, issued January 14, 1930, brought this suit against the City of Waco, Tex., alleging infringement. The bill prayed for interlocutory and final injunctions and an accounting. Before trial the bill was dismissed as to the two patents first above mentioned. The issues to be decided as to patent No. 1,743,965 were narrowed down to the question of whether claims 5 and 6 of that patent were infringed. The District Court made comprehensive findings of facts, which are fully supported by the record, held that the patent was not infringed, and dismissed the bill. This appeal followed.

It is unnecessary to cite authorities or extensively review the facts. Briefly stated, the patents covered a system of electrical traffic signals, to be operated at street intersections through a central station. Claims 5 and 6 each covered a traffic signal system for a plurality of street intersections and are substantially the same, the only difference being that claim 5 uses the terms "traffic directing signals" and claim 6 substituted the terms "stop and go signals." As analyzed by the District Court, they consist of five elements: (1) Traffic directing signals for each intersection; (2) operating means for alternately displaying said signals, including, (a) a source of energy and (b) a signal control device; (3) electric connections between said signals and said signal control device; (4) additional leads connecting one signal of all intersections with said source of energy; and (5) a switch interrupting said electrical connections and said leads, movable to one position to effect normal operation of all signals and movable to another position to display only the stop signals of all intersections.

Both claims are limited to the use of what is known as a double-throw switch to be used in one position for normal operation of the system and to be thrown into the other position to display only stop signals at each intersection along a designated route for the purpose of clearing a traffic lane in case of an emergency, such as a fire. There is no doubt whatever that every element and device covered by the patent in suit, except the double-throw switch, had been anticipated by other patents and substantially the same system had been in general use in other cities long prior to the issuance of the patent in suit. It is doubtful that the double-throw switch shows patentable novelty. Putting that aside, the record shows conclusively that the City of Waco was not using that particular device but was using two separate, independent switches to accomplish the same result. If this were to be considered a mechanical equivalent, it had been anticipated.

We agree with the District Court that infringement was not shown.

The record presents no reversible error.

Affirmed.