## NATIONAL ELECTRIC SIGNAL CO. v. CITY OF ELECTRA et al.
### No. 8932.

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1939.

Harry B. Barnhart, of Dallas, Tex., for appellant.

J. Shirley Cook, of Vernon, Tex., S. J. Brooks, of San Antonio, Tex., Henry R. Ashton, of New York City, and C. P. Engelking, of Electra, Tex., for appellees.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a decree in two suits for injunctions and accountings for alleged patent infringements against both of the appellees. The same issues being presented, the suits were consolidated and tried as one, resulting in a finding by the Court that the patent in suit was invalid for want of invention and because of anticipation by the prior art, prior use, and prior patents.

The patent here involved is Garrett Patent No. 1,743,965, issued January 14, 1930, and was before this court in the case of National Electric Signal Co. v. City of Waco, 5 Cir., 90 F.2d 497. As in the previous suit, the issues revolve around claims 5 and 6, each covering a traffic-signal system for the control of traffic at a plurality of street intersections. In the City of Waco case, supra, the issue was narrowed to one element, a switch interrupting the electrical connections leading to the traffic-control lights, movable to one position to effect normal operation of all signals, and movable to another position to display only the stop signals at all intersections. The switch called for by this claim was obviously a double-throw switch, well known to the art of electrical wiring long prior to research in traffic-control devices. However, since the Waco system did not use a double-throw switch, but used two single-throw switches to perform the same function, we held that infringement was not shown, and declined to pass upon the validity of the patent.

We have reviewed the record upon which the district court reached its conclusions. Without attempting to recite the substance of the large volume of testimony, or to analyze the numerous patents and publications which were found by the court to read on the patent in suit, we think that its findings are amply sustained. The patent can be held valid only as a combination of old elements. But, under the doctrine of combinations and aggregations, we do not find any element performing any differently, or producing any new result, as contrasted with the art and patents found by the court to anticipate the patent in suit. Lincoln Engineering Co. v. Stewart-Warner Corporation, 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008; Bassic Mfg. Co. v. R. M.

Hollingshead Co., 298 U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251.

It being our view that the evidence fully sustains the findings of the district court, and that it committed no error of law, the decree appealed from is affirmed.