## DE VRY CORPORATION v. ACME MOTION PICTURE PROJECTOR CO. (three cases).

(Circuit Court of Appeals, Seventh Circuit. December 8, 1925.)

Nos. 3566–3568.

Patents ⬤➾328—No. 1,287,576, claims 1–4, No. 1,303,542, claims 1–8, No. 1,303,543, claims 1–10, 17, 18, for motion picture projectors, held invalid for lack of invention.

Patents No. 1,287,576, claims 1–4, No. 1,303,-542, claims 1–8, No. 1,303,543, claims 1–10, 17, 18, for motion picture projectors, *held* invalid for lack of invention.

Appeals from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suits by the De Vry Corporation against the Acme Motion Picture Projector Company. Decrees for defendant, and plaintiff appeals. Affirmed.

Fred Gerlach, of Chicago, Ill., for appellant.

Luther Johns, of Chicago, Ill., for appellee.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. These appeals were heard together on one record. The

claims relied on in No. 3566 are 1, 2, 3, and 4 of patent No. 1,287,576, in No. 3567 1 to 8 of patent No. 1,303,542, and in No. 3568 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 17, and 18 of patent No. 1,303,543, all issued to the appellant as assignee of Herman De Vry. The court below dismissed all the bills for want of equity.

The patents relate to motion picture projectors, and have for their object the production of a kind of projector known as the suit case, or self-contained, type. Appellant contends that "the patents in suit are for the first successfully self-contained, or suit case, portable projector." All of the elements of the claims are old. The invention is said to reside in the combination of these elements. The insistence is that De Vry was the first person to successfully put these elements into a practicable portable container. Each element functions in the container just as it does when not in a container. The bringing together of these elements and arranging them so that they are ready, while in the container, to perform their old and well-known functions, is not invention. It is mere aggregation.

The decree is affirmed.