## MAGNAVOX CO. v. TALKING SALES PICTURES, Inc.

### No. 634.

District Court, N. D. Illinois, E. D.

March 15, 1941.

Parkinson & Lane, of Chicago, Ill., for plaintiff.

Wisner & Walsh, of Chicago, Ill., for defendant.

BARNES, District Judge.

The questions before the court are as to the validity and alleged infringement of Claims 5 and 6 of Freimann Patent No. 2,121,910.

Claim 5 reads as follows: "An electrically operated sound and picture reproducing apparatus in combination with a hand carrying portable case having a main section and a cover section to house both the sound and picture reproducing apparatus when not in use and to support said apparatus in an operative exposed position when the case is open, sound reproducing apparatus mounted in the main section of said case and comprising electric sound record reproducing apparatus exposed for operation when the cover is removed, an electric amplifying apparatus located in the lower part of the main section with its loud speaker opening through a side wall of said case, a vertical wall of said case having an opening therein*, a movable member mounted in and co-extensive with said opening, and picture projecting apparatus mounted on said member and completely housed within the case when the member is in it's co-extensive position, said member being movable outwardly of said case to a horizontal position to bring the picture projecting apparatus into an operative position entirely without the case to protect the sound apparatus from the heat of the projector and to permit free circulation of cooling air to the projecting apparatus."

Claim 6 reads the same as Claim 5 to the asterisk but concludes as follows: "projector supporting means attached to said case and extensible through said opening, and picture projection apparatus mounted on said means and completely housed within said case in inoperative position when

said means is retracted and supported by said means outwardly and away from said case when said means is in extended position to protect the sound apparatus from the heat of the projector and to permit free circulation of cooling air to the projecting apparatus."

The plaintiff says: "His (Freimann's) contribution was to devise specific means, a specific structure, if you please, whereby the conflicting requirements of putting them all in one unit was overcome without injecting counter-balancing objections. This he accomplished by providing means whereby the projector and lamp housing, although forming a permanent part of the unitary structure, could be readily and quickly extended out and away from the other parts and case where it would not destroy its own effectiveness or that of its cooperating neighboring parts."

One of the defenses presented by the defendant is that the accused device does not infringe because the electric amplifying apparatus contained therein is not located in the lower part of the main section of the case. It is true that the accused device has its electric amplifying apparatus mounted on an assembly panel in the upper part of the main section of the case. The court is inclined to the opinion that since the patent prescribes a specific structure, utilizing old elements, it is not entitled to a broad construction but must, on the contrary, be strictly construed, and the claims, if valid, must be limited to the specific construction disclosed. The accused device does not infringe the claims, as so construed.

It may be, however, that the court is in error in the conclusion that the claims are entitled only to a narrow construction. If the court is in error on this point, and if the claims are entitled to a broad construction, then the accused device infringes both Claims 5 and 6. Accordingly, it seems to be advisable to consider the question of validity of those claims.

In respect of validity, the defendant raises a number of questions, expressed as follows:

"(a) Freimann's advance has now been defined by the plaintiff as the provision of a drop door in a side wall of the case, through which a projector could be extended. The question is whether such an advance required the exercise of more than mechanical skill, in view of the long use of such an expedient in the camera art;

"(b) Whether, since the claims in suit cover a 'sound and picture reproducing apparatus in combination with a hand-carrying portable case,' the patent is not void as an aggregation under the specific holding in DeVry Corp. v. Acme Motion Picture Projector Co., 7 Cir., 9 F.2d 921, and under the principles discussed exhaustively by Judge Evans in Hartman Furniture & Carpet Co. v. Banning, 7 Cir., 59 F.2d 129;

"(c) Whether or not the claims of the patent in suit are void as being for aggregations under the rule in Lincoln Engineering Co. v. Stewart Warner Corp., 303 U.S. 545, 549, 550 [58 S.Ct. 662, 82 L.Ed. 1008], in that the supposed improvement of mounting the projector on the drop door is not claimed as such, but is claimed in combination with other old elements which perform no new function in the claimed combination;

"(d) Whether or not the addition of the drop door as an expedient for extending the projector in operation was unpatentable as simply being a new use for an old device, under numerous cases, examples of which are Aron v. Manhattan Railway Co., 132 U.S. 84 [10 S.Ct. 24, 33 L.Ed. 272], and Knapp v. Morss, 150 U.S. 221 [14 S. Ct. 81, 37 L.Ed. 1059]."

The court is of the opinion that answers must be given to these questions which negative the idea of validity. The court does not believe that the putting of electrically operated sound and picture reproducing apparatus into a portable case in the manner disclosed in Claims 6 and 7 involved invention. To do that was within the skill of a mechanic.

The court is further of the opinion that, under any of the generally accepted definitions of aggregation, the claims in question are void as being for aggregations.

Finally, the claims in suit are void since the only elements of the combination in reference to which there is any claimed novelty contemplate a double or analogous use of an old device.

The plaintiff has undoubtedly had considerable or great commercial success, sufficient, if this were a case involving doubt, to resolve the doubt, but, in the court's view, this is not a case involving doubt.

Counsel for the defendant may prepare and within ten days, on notice, present drafts of findings of fact, conclusions of

law, and a decree consistent with the views herein expressed. Within five days after the presentation of said drafts, counsel for the plaintiff may present, in writing, his observations in respect of and suggestions for the modification thereof, and, within a further period of five days, counsel for the defendant may present, in writing, his reply to such observations and suggestions. Whereupon, the matter of making findings of fact, conclusions of law, and a decree will be taken by the court without further argument.