## MAGNAVOX CO., Inc., v. TALKING SALES PICTURES, Inc.

### No. 7751.

Circuit Court of Appeals, Seventh Circuit.
March 7, 1942.

Rehearing Denied April 21, 1942.

Clarence J. Loftus and J. Rex Allen, both of Chicago, Ill., for appellant.

Carl V. Wisner and Carl V. Wisner, Jr., both of Chicago, Ill., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a decree, entered March 31, 1941, dismissing plaintiff's suit for patent infringement. The court decreed the patent invalid and, also, in a memorandum opinion, decided that there was no infringement.

The patent in suit, No. 2,121,910, was issued to Frank Friemann June 28, 1938 (afterwards assigned to plaintiff), upon an application filed July 16, 1935. It is entitled a "Carrying Case for Picture Projecting Apparatus," and contains six claims, of which Claims 5 and 6 are in suit. Insofar as material to the questions raised on this appeal, it is sufficient to set forth Claim 6, the broader of the two, which we copy in analyzed form.[1] As we understand the situation, the claimed invention resides solely in elements (e) and (f); that is, in the means provided for the use of the projecting apparatus. One of the objects, as stated by the patentee, is:

"Another object of the invention is to provide, in a carrying case of the character

[1] 6. An electrically operated sound and picture reproducing apparatus in combination with

a) a hand carrying portable case having
   1) a main section and
   2) a cover section
   3) to house both the sound and picture reproducing apparatus when not in use and
   4) to support said apparatus in an operative exposed position when the case is open,
b) sound reproducing apparatus mounted in the main section of said case and comprising electric sound record, reproducing apparatus exposed for operation when the cover is removed,
c) an electric amplifying apparatus located in the lower part of the main section with its

loud speaker opening through a side wall of said case
d) a vertical wall of said case having an opening therein,
e) projector supporting means attached to said case and extensible through said opening, and
f) picture projection apparatus
   1) mounted on said means and
   2) completely housed within said case in inoperative position when said means is retracted and
   3) supported by said means outwardly and away from said case when said means is in extended position to protect the sound apparatus from the heat of the projector and to permit free circulation of cooling air to the projecting apparatus.

described, a supporting element for a picture projecting apparatus which will permit an operation thereof at a point externally of the carrying case where a free circulation of cool air may exist thereabout."

It is not contended there is anything new or novel in an electrically operated sound and picture producing apparatus, or in a hand-carrying portable case housing the same.

The talking slide film machines embodying the invention of the patent in suit are manufactured and sold under the trade name of "Illustravox." It is described as a self-contained machine in the form of a small light unitary structure which can be easily carried about from prospect to prospect and readily and quickly placed in operation on a desk for illustrating and describing the thing being offered for sale. Prior to the invention in suit, plaintiff, as well as others, had attempted to provide a commercially satisfactory talking slide film machine for presenting illustrated sales talks. In such development three units were employed, viz.: The sound reproduction apparatus, the loud speaker and amplifying means, and the slide film projector. These units were first employed separately, but later were secured together in one case so that they might be more readily transported. Such apparatus, so it is claimed, failed to satisfy the demands of the trade. On the other hand, the apparatus, made according to the patent in suit, met with considerable commercial success.

The major theme of plaintiff's argument in favor of invention is found in the following statement from its brief:

"Freimann's contribution was to devise particular means, a particular structure, if you please, whereby the conflicting requirements of combining all the essential elements in one unit was overcome without injecting counterbalancing objections. This he accomplished by providing means whereby the projector and lamp housing, although forming a permanent part of the unitary structure, could be readily and quickly extended out and away from the other parts and case where it would not destroy its own effectiveness or that of its cooperating neighboring parts. * * *"

Thus, there arises the question as to whether the assembling of elements, old and well known, to the use designed by the patentee, constituted invention, or merely

an unpatentable aggregation as held by the lower court. We have tried, without success, to ascertain any new result which may be ascribed to the disclosure. It is rather plain, we think, that the result is merely the total of the separate results produced by the various units prior to their assemblage by the patentee. No new or different result was achieved. The most that may be said in favor of the patentee is that he produced a result more efficiently and perhaps with less expense.

This court, in De Vry Corp. v. Acme Motion Picture Projector Co., 7 Cir., 9 F.2d 921, considered a situation quite similar to the instant one. The patent in that case related to motion picture projectors of the suitcase of self-contained type. It was claimed that the inventor was the first person to plan successfully the involved elements into a portable container. The court, 9 F.2d on page 922, said:

"* * * Each element functions in the container just as it does when not in a container. The bringing together of these elements and arranging them so that they are ready, while in the container, to perform their old and well-known functions, is not invention. It is mere aggregation."

In this connection, it is pertinent to note in the instant case, a portion of a colloquy between the court and the patentee (witness):

"The Court: You have got your projector and you have got your phonograph reproducer right together here where one man can operate it; is that about all there is to it?

"The Witness: Where it can be conveniently operated and where it can be easily carried about, which is one of the most important features of this medium."

Again this court in Hartman Furniture & Carpet Co. v. Banning, 7 Cir., 59 F.2d 129, considered the distinction between a combination of elements producing a new result, sometimes patentable, and a mere aggregation of elements not patentable. On page 131 of 59 F.2d, it is said:

"* * * Bringing together several old devices without producing a new and useful result, which is the joint product of the elements of the combination and something more than the aggregation of the old results, is not invention."

In the instant case, it seems clear that no new result was effected which was the

joint product of the various elements. The result produced by each element was interdependent of the result produced by every other element.

Whatever doubt there may be concerning the applicability of the aggregation doctrine has been dispelled, so we think, by the Supreme Court in Toledo Co. v. Standard Parts, 307 U.S. 350, 59 S.Ct. 897, 83 L.Ed. 1334. The court had before it a device consisting of an assemblage of old elements. The court, on page 356 of 307 U.S., on page 899 of 59 S.Ct., 83 L.Ed. 1334, said:

"* * * They performed no joint function. Each served as separately it had done. The patented device results from mere aggregation of two old devices, and not from invention or discovery. * * *"

The court also, on the same page, with respect to the improved result achieved by the device, said:

"* * * And similarly without significance on the question of novelty is the fact that, as plaintiff claims, utility resulted and commercial success followed from what patentees did. * * *"

Furthermore, as already pointed out, the novelty of the disclosure, if such it be, resided in the means for extending through an opening in the side of a portable case the projecting apparatus so that it might be extended in use and retracted when not in use. The claims, however, are not confined to this element but cover other elements having no connection with the alleged improvement. This, we think, under Lincoln Co. v. Stewart-Warner Corp., 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008, invalidates the patent. The court, on page 549 of 303 U.S., on page 664 of 58 S.Ct., 82 L.Ed. 1008, said:

"* * * And the improvement of one part of an old combination gives no right to claim that improvement in combination with other old parts which perform no new function in the combination. * * *"

In addition, if the claims had been confined to the means provided for the use of the projector, we would still be of the view that they were invalid. In Cuno Corp. v. Automatic Devices Corp., 314 U.S. 84, 89, 62 S.Ct. 37, 40, 86 L.Ed. ——, the court said:

"* * * As we have shown, both the thermostatically controlled heating unit and the lighter with a removable plug bearing the heating unit were disclosed by the prior art. More must be done than to utilize the skill of the art in bringing old tools into new combinations. * * *"

In the instant case, the projector element of the claim, so far as we are able to discern, is almost an exact duplicate of the device long used in cameras for the purpose of extending the lens when in use and for returning the lens to an enclosed case thereafter. We think it would require no more than mechanical skill to utilize this old and well-known expedient in connection with the device of the instant patent.

The decree dismissing the suit for want of equity is affirmed.