36 C.C.P.A.(Patents)

### Application of DOVE.
### Patent Appeal No. 5519.

United States Court of Customs
and Patent Appeals.
March 1, 1949.

M. E. Jones, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL and JOHNSON, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office sustaining the decision of the Primary Examiner rejecting, as unpatentable over the prior art, claims 10 and 11, which are all of the claims in appellant's application for a patent for an overhead door construction, particularly adapted for use as a garage door.

Claim 11 is illustrative and reads as follows: "11. In an overhead door construction of the type having supporting channel members for the door extending at right angles thereto and for counterweights for the door, and fulcrumed on rotatable sleeves intermediate their ends upon side supporting ground engaging frames to rotate to move the door from a vertical closed position to an overhead horizontal open position; the combination of an arcuate upstanding flange on one of the frames provided with a notch, a pawl shaped like a bell-crank pivoted on one side of a supporting channel member in the path of the flange to engage in the notch when the door is in an open position to prevent rotation of the supporting member to move the door to a closed position, a link connected with the pawl and extending angularly to a point adjacent the forward edge of the door in open position, a pivoted lever connected with the link and mounted on the door, and a handle connected with the lever to draw the link and disconnect the pawl from the notch when it is desired to close the door."

The references relied on are: Armitage 781,986, Feb. 7, 1905; Larscheid et al. 1,162,936, Dec. 7, 1915; Fontaine 1,262,765, Apr. 16, 1918; Bird, 2,177,275, Oct. 24, 1939.

It is not necessary to state a description of the above claim as it is self-explanatory of the disclosed apparatus.

The references disclose that in the Bird patent a garage door is supported by means of arms which are mounted on pivots. The door has a latch held by a spring so that it projects outwardly from the door. When the door is open, the latch engages the door and prevents it from closing. A cord which is attached to the latch is used for opening the door so that when a pull is given the cord, the latch is drawn inwardly. The Armitage patent discloses a sup-

porting frame adjacent the pivoted member which is provided with a series of notches, the pivoted member carrying a pivoted arm provided at one end with a latch which may enter any one of the notches. To the other end of the latch arm is attached a cord, and when a pull is given that cord, the latch will be disengaged and also turn the pivoted member. The illustrated form is a transom.

The Larscheid et al. patent discloses a center pivot hinge for swinging window sashes, the sash being provided with a spring-held lock and cooperating lock segment which lock the sash in desired positions and which can be released by means of a pull cord.

The Fontaine reference discloses a locking and releasing mechanism for pivoted mirror frames, the frame being locked in desired positions by means of a lever pivotally mounted so that its end is linked to a pawl which in turn is pivoted and which engages teeth in a curved segment member of the mirror frame.

It will be readily seen that the operation of the structure defined in the Bird patent and that defined by the two appealed claims is essentially the same. In both structures the door is supported by comparatively long arms for movement about horizontal pivots from vertical door closing position to horizontal open position. The door in each case is biased so that when released it will move to open position. There is provided in each structure a latch member which is movable with the door and which engages a fixed member to hold the door in open position, and the latch member is connected with the door closing cord so that when that cord is pulled to move the door towards closed position, the latch will be released. Likewise, the particular door frame structure disclosed by the appellant, while different from that used by Bird, is not novel to the art. Springs and weights are well known equivalents as door counter-balancing means: the Bird patent makes explicit reference to them as such. Various other components recited in appellant's claims are commonplace in the art: viz., channel members, sleeves, arms, ground engaging frames. The means provided by appellant for releasing the door is also a mere assembly of devices disclosed in the Armitage, Larscheid et al. and Fontaine references: link, lever, pull cord, handle, pawl and notch. A mechanic confronted with the problem of engaging and releasing an upswinging door at the overhead position would be led by his knowledge and skill in the art to select such means and arrange them in some usable combination.

We fully agree with the Primary Examiner and the board that no inventive contribution to the art is involved in appellant's device by shifting the position of Bird's swinging catch to the pivot point of the door, as taught by Armitage (as well as by the Fontaine and Larscheid et al. patents). Moreover, in each of the Armitage, Fontaine and Larscheid et al. patents, there is clearly anticipated the latch features recited in the claims here involved. The component parts of the latching and releasing device are not a patentable combination, but rather an aggregation of expedients old to the art which are brought together to produce a result which does not exceed the contribution normally to be expected as the sum of the results obtained from each part. As held by the Supreme Court of the United States in the case of Lincoln Engineering Co. v. Stewart-Warner Corporation, 303 U.S. 545, 58 S.Ct. 662, 664, 82 L.Ed. 1008, "The mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, is not patentable invention. And the improvement of one part of an old combination gives no right to claim that improvement in combination with other old parts which perform no new function in the combination."

Appellant insists that his device is a patentable combination rather than a mere aggregation and cites the case of In re Price et al., 36 F.2d 432, 433, 17 C.C.P.A., Patents, 736, as being comparable to the instant case. In the Price case, this court had before it an application disclosing a rotor comprised of a solid shaft and a rotor body carried by the shaft, the body carrying

numerous air chambers, lubricant chambers, reservoirs, and inlets and outlets serving the chambers. The Patent Office tribunals had rejected the claim there in issue upon a combination of references. An essential element of Price's invention was a solid rotor, and his structure was designed to cooperate with a solid rotor shaft to produce the result of the invention. None of the references cited in that case disclosed a solid rotor shaft, and appellant there pointed out effectively that the substitution of analogous parts of the references in the manner cited by the board in rejecting his claim would not produce appellant's device. This court then said: "The solid shaft feature of the claim does not appear in any of the references cited. Its only suggested equivalent is an element * * * referred to * * * as 'the part bearing in the bushing.' It does not seem to us, from our understanding of the functioning of the machine, that this element is the mechanical equivalent of the shaft of the claim."

Appellant here in his brief quotes this court as then saying in the Price case: "A claim is not anticipated when the complete structure set out in the claim is not shown by any of the prior art patents, nor does it appear that the structure of one can be so modified by substituting features or elements in the structure of the other as to produce the machine claimed."

What this court actually said there, 36 F.2d 432, at page 433, 17 C.C.P.A., Patents, 736, at page 739, is as follows: "We think it is correctly stated by appellants that the complete structure set out in the claim is not shown by any of the patents cited, nor does it appear that the structure of one can be so modified by substituting features or elements in the structure of the other as to produce the machine claimed by appellants."

The Price case, supra, is distinguishable from the instant case, in that each and every essential element of appellant's structure, or well-recognized equivalents therefor, is, as hereinbefore discussed, disclosed in the cited references.

Appellant cites also the case of Hohlfeld v. Patterson, D.C. E.D.Pa.1914, 216 F. 183, 185, where an interlocking device was involved. There in an infringement suit, the defendant, Patterson relied on the defense that the complainant's patent was anticipated by the prior art. As to that allegation by the defendant, the district court held that the patents cited by defendant as prior art references anticipating complainant's device, addressed themselves to "joints or connections for fastening the side rails of beds" where *rigidity* of structure was an objective. Complainant's interlocking device was used for an entirely different purpose; viz., to provide detachable flexible ends for a hammock, and the prior art patents were not a proper basis for establishing anticipation. The instant case is easily distinguished from the situation described in Hohlfeld v. Patterson, supra, as appellant here has merely combined the disclosures, or their mechanical equivalents, of Bird, for a pivotally mounted overhead door construction, with the other references, for a locking and releasing latching device applied to pivotally mounted members, to obtain the *same* result; viz., a locking and releasing device applied to a pivotally mounted member in an overhead door construction.

Appellant calls our attention to Simmons Co. v. Champion, D.C.N.D. Ohio 1929, 82 F.Supp. 910, as being "especially in point," and says that the district court there held "that the charge of mechanical skill does not apply when supplemented with an idea produced from original thinking." That case concerned an infringement action, where the defendant denied that the infringed patent to Travis in suit possessed invention over the prior art. The Travis patent related to a bed spring possessing a mechanism designed "to prevent sidesway of the coil springs and to maintain the upper and lower bed spring frames in substantial alignment." In discussing the prior art references advanced by the defendant, the district court said, "* * * *Travis and Jeffery were seeking to accomplish entirely different objects. The Jeffery link was not of such a character, nor was it such a disclosure, as to be obvious to a mechanical eye seeking a different object. * * * In my opinion, to go from Jeffery to Travis would require mechanical skill to*

356

be supplemented with an idea produced from original thinking." [Italics ours.]

The appellant here apparently relied on the sentence italicized in the foregoing quotation when he stated in his brief that the district court there "held that the charge of mechanical skill does not apply when supplemented with an idea produced from original thinking." It will be seen from the quoted matter we have set out from the case that in the particular circumstances applying in Simmons Co. v. Champion, supra, Travis and Jeffery were attempting to accomplish entirely *different objects;* and the application of Jeffery's disclosure to Travis's device *was not obvious* to one skilled in the art. This is sharply distinguished from the instant case, as we have hereinbefore pointed out —here appellant is combining disclosures of prior art references to accomplish the same results to which they were addressed; locking and releasing mechanism applied to a pivotally mounted overhead door construction, through the use of the identical or equivalent mechanical expedients disclosed or long known to the art.

The final case advanced by appellant in support of his position is that of Kulp et al. v. Bridgeport Hardware Mfg. Corporation, D.C.Conn.1927, 19 F.2d 659. Appellant quotes a head note to the case reading as follows: "To negative invention in a novel combination, it is necessary to find in the prior art, not merely a construction which might be modified to make the patented device, but a suggestion, not only that the modification should be made, but also how to make it."

The patent alleged to be infringed in that case concerned a "one-hand valve-spring lifting tool, the jaws of which opened with a parallel movement upon moving the handle portions toward one another." The defendant alleged that the patent was invalid over the prior art. In considering the prior art references advanced by defendant in support of this allegation, the district court held substantially as quoted by appellant, and hereinbefore quoted, from the head note; however, the court additionally held, "* * * The claims in suit set forth a combination and arrangement of elements not disclosed by the patents relied upon, taken either singly or combined, and it is therefore entirely immaterial, with regard to the validity of this patent, whether all or some of the elements were old, or whether any of them were new." [Italics ours.]

The italicized portion of the foregoing quotation from that case emphasizes the factor distinguishing it from the instant case. Here the elements constituting appellant's structure are disclosed in the references either as used by appellant, or as well established and long recognized equivalents of those disclosures.

For the reasons hereinbefore set out, we consider the device covered by appellant's claims to be unpatentable over the prior art, and we accordingly affirm the decision of the Board of Appeals.

Affirmed.