## Troy Laundry Machinery Co. and others *v.* Bunnell.[1]

*(Circuit Court, N. D. New York. June 24, 1886.)*

1. PATENTS FOR INVENTIONS—INVENTION—ADAPTATION OF OLD DEVICES.

   It may involve invention to make changes or modifications in parts which were substantially old, in order so to combine them as to effect their efficient co-operation.

2. SAME—PATENT FOR IMPROVEMENTS MUST BE LIMITED TO SAME.

   Where the invention consists in changes or modifications of old elements in order so to combine them as to effect their efficient co-operation, the claims of the patent must be carefully limited, either by express terms or by fair construction, to the precise improvements made.

3. SAME—COMBINATION, WHEN NOT INVENTION.

   It is not invention merely to bring old devices into such juxtaposition as will allow each to work out its own effect, without contributing any new function or mode of operation.

4. SAME—No. 258,334, MACHINERY FOR FOLDING AND CURLING COLLARS, VOID.

   Letters patent No. 258,334, of May 23, 1882, to Thomas S. Wyles, for machinery for folding and curling collars, *held* void for want of patentable novelty, in view of patents No. 57,308 and No. 173,096, and the "Churchill Machines," which were in common use as early as 1870.

In Equity.

*Wm. H. King*, for complainant.

*Ward & Cameron*, for defendant.

WALLACE, J. The complainants allege infringement of letters patent No. 258,334, granted to Thomas S. Wyles, May 23, 1882, for machinery for folding and curling collars. The defendant, besides

---

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

denying infringement, relies upon the want of novelty in the patented invention. The object of the invention is to dispense with the hand labor of folding and curling linen or cotton collars after they have been starched and partially folded, and to substitute mechanism by which starched and partially ironed collars, having the curved fold-line moistened, can be accurately folded, curled, and dried progressively, from end to end. The machine described in the specification consists of a feeding guide, E, two rollers, B and C, and a curling guide, G. The feeding guide serves to introduce and direct a partially folded collar between the two rollers. The rollers are supported, rotated, and pressed together by any suitable means. The roller, B, is of much greater diameter than the roller, C. The collar feeding surface of the roller, B, is made elastic, a tight layer of felt covered with muslin being commonly used to give it this quality. The roller, C, is of metal, with a hard, smooth surface, and is adapted to be artificially heated. The curling guide is concavely curved, with its concaved surface in the form of a section of a hollow cone. In operation, the collar, partly folded, and having the curved fold-line moistened, is placed in the feeding guide, E, which is inclined to the plane of contact between the two rollers; is introduced by the feeding guide between the rollers; and by their action is pressed and dried, retaining a curved shape, until it issues from between them into the curling guide, G; and is directed in a spiral course, by the form of the curling guide, away from the point where it enters, from between the rollers, and discharged in a curved shape.

The patentee refers in his description to two prior patented machines, as follows:

"United States patent No. 57,308 shows and describes a machine for moulding, turning, or flaring outward the fold portion of a folded paper collar, by the combination and arrangement of a concave roller, a convex roller, a guide to direct the folded collar between the rollers, and bend it towards the concave roller, and another guide to receive, bend, and direct the collar as it issues from between the rollers; but that patent does not show, describe, or mention any roller having an elastic, yielding, or cloth-covered surface, nor any means whatever for heating one of the rollers. Consequently that machine was not capable of folding, drying, and curling a partly-folded starched and ironed collar, having a moistened fold-line; and that particular combination and arrangement of the two guides of the concave and convex rollers would not produce the plain fold required in starched and ironed collars having curved fold-lines. United States patent No. 173,096 shows and describes a plain clothed roller, combined with a plain hard roller of less diameter than the clothed roller, and means for supporting and rotating the rollers, pressing one against the other by a yielding force, and heating the hard roller, but without any folding and curling guides; so that that machine could not accurately fold and curl partly-folded, starched, and ironed collars, having curved lines of fold."

The claims of the patent are as follows:

"(1) The combination with the rollers, B, C, of the folding guide, E, and the curling guide, G, in the form of a section of the inner surface of a hollow cone, and arranged in respect to said rollers and folding guide substan-

tially as described. (2) The combination with the roller, B, having a covering of cloth, hard roller, C, and means, substantially as set forth, for heating said hard roller, of the folding guide, E, and curling guide, G, both arranged in respect to said rollers with each other, substantially as described."

The proofs show that machines for folding paper collars, known as the "Churchill Machine," had been in public and extensive use as early as 1870, which embodied the parts of the combination of the patented machine, except that neither of the rollers was elastic, or was adapted to be artificially heated. This machine was a modification of that described in letters patent No. 57,308, referred to in the specification of the complainants' patent.

Letters patent granted May 31, 1881, to Richard H. Gardner and John W. Gardner, and March 8, 1881, to James G. Crawford, have also been put in evidence by the defendant as anticipations of the complainants' patent. The first of these patents describes a machine known as the "Gardner Collar-shaper," which combines a metalic roller with a larger elastic roller, but has no feeding or curling guide, and neither roller is adapted to be heated. The second of these patents describes a machine for folding and shaping collars and cuffs, which combines a feeding device with three rollers, two of which are designed to be elastic, and the other a hard roller, artificially heated. This patent does not contain a hint of a curling guide. The defendant has attempted to show that a curling guide was used with machines constructed under this patent, and that the machines, with the curling guides, were in public use prior to the date of the actual invention of Wyles; but the proofs fail to show this satisfactorily.

All the machines thus described in prior patents, or shown to have been in public use prior to the invention of Wyles, differ in details of construction from the machine of the complainant's patent; and none of them embody the identical combination of either claim of the patent, except the Churchill machine. That machine contains the combination of the first claim, in which an elastic roller, or a roller having a covering of cloth, is not an element. Although no one of the prior patents or machines is sufficient alone to negative the novelty of the second claim, considered together, and in connection with the machines referred to in the specifications of the patent, as illustrating the prior state of the art, they are sufficient to defeat this claim, and authorize the conclusion that the combination did not involve invention. What Wyles really did was to combine the parts of the inventions described in patents No. 57,308 and No. 173,096 into one machine, making the necessary modifications in detail of construction and arrangement to insure their efficient co-operation. He selected the plain clothed roller, and plain hard roller, adapted to be heated, of patent No. 173,096, and combined with them the feeding guide and curling guide of patent No. 57,308, introducing such changes in the form of the guides as had previously

been made and used in the Churchill machine, and in the form and material of the rollers as had been shown in the machine of the patent to the Gardners. In the machine of the patent the two rollers perform the same functions, and have the same mode of operation, as those in the machine of the patent No. 173,096, while the feeding guide and curling guide perform the same functions, and have the same mode of operation, as those in the machines of patent No. 57,-308, and in the Churchill machine.

It is not invention merely to bring old devices into such juxtaposition as will allow each to work out its own effect, without contributing any new function or mode of operation to the other. This is all that has been done in the machine of the patent. It may involve invention to make changes or modification in parts which were substantially old, in order so to combine them as to affect their efficient co-operation. Where such changes constitute the invention, the claims of the patent must be carefully limited, either by express terms or by fair construction, to the precise improvement which is the subject of the invention. An attempt has been made to do this in the present patent by making a curling guide of a peculiar form a constituent of the first claim, and a roller having a covering of cloth, or what is substantially an elastic roller, a constituent of the second claim. As has been stated, neither of these constituents are new as modifications of old parts which had been applied to the same use.

The bill is therefore dismissed.