**SLAWSKI v. L. H. EUBANK & SON et al.**

**In Equity. No. 1256–RJ.**

District Court, S. D. California, Central Division.

Aug. 12, 1940.

Thomas P. Walker and William E. Beatty, both of Los Angeles, Cal., for plaintiff.

J. Calvin Brown and Alan Franklin, both of Los Angeles, Cal., for defendants.

JENNEY, District Judge.

The report of the special master was filed on April 3, 1940. Objections thereto were filed by both plaintiff and defendants. Briefs in support of objections were carefully prepared and apparently covered fully the points of the respective parties.

The special master concluded:

(1) That this is an action arising under the patent laws of the United States over which this court has jurisdiction; (2) that title to Letters Patent No. Re. 18,223 is vested in the plaintiff; (3) that said Letters Patent and Claims 3, 4 and 5 thereof are good and valid; (4) that defendants have not infringed said Letters Patent.

Plaintiff in support of his objections to the report of the special master apparently contends, among other things, that he is entitled to a scope covering the movable pivot between the plate and the brace of defendants' structure. In this he seems to the court to run into Hurst. Over Hurst he seems to have done nothing but confine one end of the movable brace in a slot. In this he seems to have an improvement of one element of a combination—with no new function or result. This brings the matter under the recent decisions of the United States Supreme Court in Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008, and Bassick Mfg. Co. v. Hollingshead Co., 298 U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251.

The court feels that the special master erred in concluding "that said Letters Patent and Claims 3, 4 and 5 thereof are good and valid." No good purpose would be served by a discussion here of the points urged by counsel. (Reference is made to the briefs, etc., on file.) It seems to the court, however, that the combination claimed by plaintiff is merely an aggregation of two groups of elements, between which there is no inherent functional relationship. One group functions to move the board from a vertical to a lateral

position. Another and unrelated group operates to accomplish lateral adjustment of the board. This brings plaintiff under the ruling in the leading cases of Reckendorfer v. Faber, 92 U.S. 347, 23 L.Ed 719, and Pickering v. McCullough, 104 U.S. 310, 26 L.Ed. 749.

The court therefore holds that Claims 3, 4 and 5 of United States Letters Patent, Reissue No. 18223, in suit, are invalid. Otherwise, the findings and report of the special master are approved.

Counsel for defendants will prepare and file appropriate findings of fact and a form of decree dismissing plaintiff's complaint, with costs to defendants.