**William L. GERRANS, Jr., Plaintiff,**

v.

**Fred KNIPSCHILD, d.b.a. Knipschild Dehydrator & Mfg. Co., and Knipschild Dehydrator & Mfg. Co., a corporation, Defendants.**

**Civ. No. 6883.**

United States District Court
N. D. California, N. D.
Nov. 20, 1956.

Boyken, Mohler & Wood and Gordon Wood, San Francisco, Cal., for plaintiff.

Gardner & Zimmerman, Oakland, Cal., for defendant.

HALBERT, District Judge.

This is a suit for the infringement of the plaintiff's patent, No. 2,133,442, covering a tray-loading device used in the spreading of prunes on drying trays. Defendant has admitted the fact that he has committed a technical infringement. By way of defense, defendant claims that plaintiff's patent is invalid for several reasons, the chief one of which is that plaintiff's device lacked novelty and inventiveness due to the state of prior art at the time the patent application was filed in 1936. To substantiate this point, defendant has submitted in evidence numerous prior patents in an attempt to show that none of the elements of plaintiff's patent were new or performed any new function. Plaintiff's evidence consists of the statutory presumption of validity, 35 U.S.C.A. § 282, and the commercial success of the "invention". The case can be decided on this initial issue, hence there is no necessity to consider plaintiff's claim for punitive damages, or defendant's other two grounds of invalidity, namely, inadequate description and violation of the marking statute.

I.   Were the Elements of Plaintiff's Patented Device Established by the Prior Art?

In lay language plaintiff's device can be described as follows:

A chute with a downward incline on which fresh fruit (prunes, etc.) is placed; the chute is submitted to an agitating motion by virtue of shaker instrumentalities associated with the receiving end of the chute, causing the fruit to move downward along the chute; at the discharge end of the chute are laterally spaced members extending outward in the same direction from the end of the chute; these rods tend to cause the fruit to separate into aisles, whereupon the fruit moves onto another set of laterally spaced rods in a slightly lower plane which are spaced alternately to the first set of rods, causing the fruit to line up compactly before its discharge onto the drying tray.

According to the file on plaintiff's patent, and according to the memoranda submitted by plaintiff, the elements of the device which the patent examiner considered to be endowed with the requisite novelty were (1) a sliding support for the discharge end of the chute, and (2) the assembly of alternately spaced laterally spaced rods or members extending downward into the tray from the end of the chute.

Defendant has cited the following listed patents to indicate that there was no novelty about a sliding support for the discharge end of the chute: Daheny, No. 508,092, Hatfield, No. 477,594, Becht, No. 1,133,789, and Reuther, No. 777,806. Defendant has also offered the following patents, namely, Astola, No. 1,689,192, Reuther, supra, Vaughan, No. 1,788,136, and Becht, supra, as evidence for the proposition that plaintiff's alternate laterally spaced members likewise presented no novelty.

As the result of a careful examination of each and all of these patents and a comparison of plaintiff's patent with those adduced by defendant, I am of the view that the elements, which plaintiff seeks to rely on for novelty, have in fact been well established by the prior art.

II.  Did a Combination of Old Elements Perform or Produce a New and Different Function or Operation?

Mr. Justice Jackson in the celebrated case of Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162, announced the applicable rule for determining the validity of a patent, irrespective of the statutory presumption, where old elements are combined in a new type of device. He declared at pages 152–153 of 340 U.S., at page 130 of 71 S.Ct.:

"A patent for a combination which only unites old elements *with no change in their respective functions,* such as is presented here, obviously withdraws what already is known into the field of its monopoly and diminishes the resources available to skillful men." (Emphasis added.)

The court laid emphasis on the holding in the 1937 case of Lincoln Engineering Co. of Illinois v. Stewart-Warner Corp., 303 U.S. 545, at page 549, 58 S.Ct. 662, at page 664, 82 L.Ed. 1008, where Mr. Justice Roberts stated:

"The mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, is not patentable invention."

■ While it is true that plaintiff's machine, in the case at bar, might as a whole perform a function in the field of fruit drying which was probably a novel idea at the time (The Allen patent, however, casts some doubt about even that conclusion.), the various elements of which it is composed quite obviously perform the same type of function for which they were utilized in prior patents. In the absence, then, of a showing that the old elements, themselves, perform a new function, the device is wanting in the requisite inventiveness. Modern Art Printing Co. v. Skeels, 3 Cir., 223 F.2d 719; General Bronze Corp. v. Cupples Products Corp., 8 Cir., 189 F.2d 154; and Jacuzzi Bros. v. Berkeley Pump Co., 9 Cir., 191 F.2d 632.

■ When plaintiff's patent is subjected to the scrutiny required by the law, the conclusion is inescapable that plaintiff's machine did not rise to the category of patentable invention. Since there can be no infringement of an invalid patent, plaintiff cannot prevail in this action.

It Is, Therefore, Ordered that judgment be entered in favor of defendant and against plaintiff in this action;

And It Is Further Ordered that defendant prepare findings of fact and conclusions of law, a form of judgment, and all other documents necessary for the conclusion of this case in accordance with the true intent of this Memorandum and Order, and lodge such documents with the Clerk of this Court in accordance with the applicable laws and rules of this Court.