**BRUNSWICK CORPORATION,**
Appellant,

v.

**COLUMBIA INDUSTRIES, INC.,** a
corporation, Appellee.

**COLUMBIA INDUSTRIES, INC.,** a
corporation, Appellant,

v.

**BRUNSWICK CORPORATION,**
Appellee.

No. 19859.

United States Court of Appeals
Ninth Circuit.

May 21, 1966.

Rehearing Denied June 28, 1966.

John Rex Allen, James R. Sweeney, Hofgren, Wegner, Allen, Stellman & Mc-Cord, Chicago, Ill., James P. Connelly, Cashatt, Williams, Connelly & Rekofke, Spokane, Wash., Henry Gifford Hardy, San Francisco, Cal., for appellant-appellee Brunswick Corp.

Willis H. Taylor, Jr., Pennie, Edmonds, Morton, Taylor & Adams, New York City, Richard J. St. John, Wells & St. John, Spokane, Wash., for appellee-appellant Columbia Ind.

Before MADDEN, Judge of the United States Court of Claims, and HAMLEY and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge:

Brunswick Corporation, appellant [hereinafter "Brunswick"] instituted this action charging Columbia Industries, Inc., appellee [hereinafter "Columbia"] with infringement of Patent No. 3,068,-007, issued to Brunswick on December 11, 1962, as assignee of the inventor, Fred E. Satchell. The patent is entitled "Plastic Bowling Ball and Method of Making Same." Columbia, by counterclaim, sought a declaratory judgment for invalidity and non-infringement of Brunswick's patent and all of its sixteen claims.

In the pretrial order, Brunswick limited its claims it would rely on at the trial to Claims 12, 14, 15 and 16.

During the trial, and to simplify the proceedings and limit the issues, the parties stipulated that Columbia's pearlescent polyester bowling balls, charged to infringe Claims 12, 14, 15 and 16 of the patent, do not infringe Claims 1 to 11 inclusive, and 13 of the patent in suit; that Columbia withdraws that portion of its counterclaim which seeks a declaratory judgment with respect to Claims 1 to 11 inclusive, and 13; and that a partial judgment so declaring be entered.

The entry of the partial judgment left for determination by the court, as stated in the stipulation and partial judgment:

(a) Plaintiff's allegations made in its complaint that (1) claims 12, 14, 15 and 16 of Plaintiff's Patent No. 3,-068,007 are valid; and that (2) Defendant's pearlescent polyester bowling balls (PX 3, 4, 5, 6) infringe said claims.

(b) Defendant's allegations (1) of invalidity of claims 12, 14, 15 and 16 of Plaintiff's Patent No. 3,068,007; and (2) of non-infringement of said claims by Defendant's pearlescent polyester bowling balls (PX 3, 4, 5, 6) as made in its answer and in its counterclaim for declaratory judgment.

Following a lengthy trial the District Court entered findings of fact and conclusions of law and a final judgment dismissing Brunswick's complaint and granting Columbia's counterclaim for declaratory judgment of invalidity as to Claims 12, 14, 15 and 16 of Brunswick's patent.

Brunswick appealed to this court from the final judgment and Columbia appealed to this court from that portion, only, of the final judgment which failed to grant judgment of non-infringement of Claims 12, 14, 15, and 16 of the patent in suit on Columbia's counterclaim for declaratory judgment.

While these appeals were pending in this court and prior to the hearing of oral argument, Brunswick moved this

court to dismiss Columbia's appeal. This court ordered that the motion to dismiss be reserved for the hearing of the cause on the merits.

We shall first dispose of the appeal of Brunswick from the final judgment dismissing its complaint.

The subject matter of the patent in suit relates to a bowling ball which, employing the type of core and cover construction used in the old hard rubber bowling ball, can be made in almost any color or effect with polyester resins. Pearlescent (pearl-like) materials can be added also to the cover resins to produce pearl-like integral sheen therein.

Claims 12, 14, 15 and 16 of the patent provide as follows:

"12. A bowling ball comprising:
(1) a core and
(2) a translucent cover surrounding said core comprising
(a) a cured polyester resin providing play characteristics suitable for bowling of a cured mixture of rigid and flexible poly-resins,
(3) said cover included embeded artistic material selected from the class consisting of
(a) plastic flakes,
(b) plastic powders,
(c) particulated metals and
(d) pearlescent materials.

"14. The method of making a bowling ball comprising the steps of:
(1) molding a spherical core,
(2) surrounding said core with a polyester resin cover comprising
(a) a mixture of rigid and flexible polyester resins providing play characteristics suitable for bowling,
(3) said resin including artistic material selected from the class consisting of
(a) plastic flakes,
(b) plastic powders,
(c) particulated metals and
(d) pearlescent materials, and
(4) curing said cover.

"15. A bowling ball comprising:
(1) a core and
(2) a transluscent cover surrounding said core comprising
(a) a cured mixture of rigid and flexible polyester resins providing play characteristics suitable for bowling,
(3) said cover including embedded pearlescent materials.

"16. The method of making a bowling ball comprising the steps of:
(1) molding a spherical core
(2) surrounding said core with a polyester resin cover comprising
(a) a mixture of rigid and flexible polyester resins providing play characteristics suitable for bowling,
(3) said resin including pearlescent materials and
(4) curing said cover."

Brunswick concedes that the bowling ball of the patent " * * * is admittedly a combination of old elements." The three elements are:

(1) The core which is used to control weight. As stated by Brunswick it " * * * is made of a material such as sawdust, held together by an adhesive material such as the resin used to make the cover. The core itself is not new, having been used in the old hard rubber bowling balls."

(2) The cover which surrounds the core. The cover is made from a special kind of polyester resin. This resin is not new, but had never been used to make bowling balls. It is capable of providing the necessary characteristics for bowling.

(3) The artistic material in the cover. Such material may be plastic flakes, plastic powders, particulated metals or pearlescent materials. The artistic ele-

ments referred to in the patent are all old, but none had been used before in bowling balls.

Brunswick makes no contention that the patent teaches how to make a bowling ball containing characteristics which in any way differ from the bowling characteristics of the old black bowling ball. Brunswick does not claim that its pearlescent bowling ball differs in any respect in function, utility, performance, or operation from the old black bowling ball, nor does it claim that a person skilled or unskilled in bowling can improve his game by using its pearlescent bowling ball rather than the old black bowling ball. In this connection Satchell stated that " * * * the whole purpose of this work was to develop esthetic characteristics which we didn't have in hard rubber."

Brunswick's specification of errors embraces fifteen specifications in which it is asserted the District Court erred. Specifications 1 to 8, inclusive, assert that the District Court erred in various holdings appearing in its "oral decision". Specifications 9 to 11, inclusive, assert that the District Court erred in findings of fact 19, 22, and 23. Specifications 12 and 13 assert that the District Court erred in making two specified conclusions of law. Specifications 14 and 15 assert that the District Court erred in admitting into evidence specified exhibits offered by Columbia and objected to by Brunswick.

The District Court concluded that:

"Claims 12, 14, 15 and 16 of Plaintiff's Satchell Patent No. 3,068,007 are invalid and void as a matter of law."

Brunswick attacks such conclusion in its Specification of Error No. 12.

35 U.S.C. § 101 provides:

"Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title."

The ultimate question of patent validity is one of law. Graham, et al. v. John Deere Co., et al., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545, decided February 21, 1966; Great A. & P. Tea Co. v. Supermarket Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162 (1950); Bentley v. Sunset House Distributing Corp., 359 F.2d 140 (9th Cir. 1966) decided March 25, 1966; Griffith Rubber Mills v. Hoffar, 313 F.2d 1 (9th Cir. 1963); Bergman v. Aluminum Lock Shingle Corp., 251 F.2d 801 (9th Cir. 1957).

From our study of the record we believe that the patent in suit is invalid for lack of invention, and that the District Court properly declared, as a matter of law, that the claims in issue are invalid and void.

"The mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, is not patentable invention." Lincoln Engineering Co. v. Stewart Warner Corp., 303 U.S. 545, 549, 58 S.Ct. 662, 664, 82 L.Ed. 1008 (1938). Bergman v. Aluminum Lock Shingle Corp., supra; see also, Griffith Rubber Mills v. Hoffar, supra.

In specifications 9 to 11, inclusive, and 13, Brunswick attacks adverse findings and conclusions made by the District Court in respect to other factors relied upon by Brunswick to establish patentability, i. e., presumption of validity arising from the issuance of the patent, commercial success, copying, and market demand. The law appears to be clear that such factors cannot make patentable a patent which is invalid for lack of invention. See: Graham, et al. v. John Deere Co., et al., supra; Great A. & P. Tea Co. v. Supermarket Corp., supra; Bentley v. Sunset House Distributing Corp., supra.

Since the District Court made and entered formal and detailed findings of fact and conclusions of law, we are of the view that we need not, and should not, on this appeal review specification

of errors 1 to 8, inclusive, which are assigned relating to the "oral decision." See United States v. Penn Foundry & Mfg. Co., 337 U.S. 198, 69 S.Ct. 1009, 93 L.Ed. 1308 (1949); Wells Benz, Inc., v. United States, 333 F.2d 89, at 93–94 (9th Cir. 1964); and American Pipe & Steel Corporation v. Firestone Tire & Rubber Company, 292 F.2d 640, 642 (9th Cir. 1961).

We find no prejudice to Brunswick from the rulings of the District Court, specified as errors 14 and 15.

We now consider Brunswick's motion to dismiss Columbia's appeal.

■ There were no findings of fact by the District Court on infringement, and in its conclusions of law the Court stated:

> "In view of the Court's conclusion that claims 12, 14, 15 and 16 of Plaintiff's Satchell patent are invalid and void, it is not necessary for the Court to pass upon the issue of infringement of said claims. (Bergman v. Aluminum Lock Shingle Corp., 9 Cir., 251 F.2d 801, 804). However, by the Stipulation and Partial Judgment entered and ordered herein July 29, 1964, it is concluded that Defendant's pearlescent bowling balls do not infringe claims 1–11, inclusive, and 13 of said patent.
>
> "The complaint herein is dismissed with costs to the Defendant.
>
> "The counterclaim of Defendant for declaratory judgment of invalidity of claims 12, 14, 15 and 16 of Plaintiff's Satchell patent is granted with costs to the Defendant."

Columbia opposes Brunswick's motion to dismiss the appeal taken by Columbia, notwithstanding the fact that the District Court made no findings on the issue of infringement because of the inclusion in the findings of fact of the Stipulation and Partial Judgment above mentioned, respecting claims 1 to 11, inclusive, and 13 of the patent in suit. We have reviewed the record and have concluded that since no findings were made by the District Court on the subject of infringement, and since there is disputed evidence in the record on this subject, the motion of Brunswick should be granted. See Bergman v. Aluminum Lock Shingle Corp., supra.

The judgment appealed from by Brunswick is affirmed, and Columbia's appeal from that portion of the final judgment of the District Court which failed to grant judgment for non-infringement of Claims 12, 14, 15 and 16 of the patent in suit on Columbia's counterclaim for declaratory judgment is dismissed.