**HENKELS & McCOY, INC., Appellant,**

v.

**Luther V. ELKIN.**

**No. 19384.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 1, 1971.

Decided Jan. 13, 1972.

---

Walter J. Blenko, Jr., Blenko, Leonard & Buell, Pittsburgh, Pa. (Robert D. Yeager, Walter J. Blenko, Pittsburgh, Pa., on the brief), for appellant.

John M. Webb, Webb, Burden, Robinson & Webb, Pittsburgh, Pa. (David C. Hanson, Pittsburgh, Pa., on the brief), for appellee.

Before SEITZ, Chief Judge, HASTIE, Circuit Judge, and HERMAN, District Judge.

## OPINION OF THE COURT

### PER CURIAM:

This is a suit by the assignee of United States Patent No. 3,307,363, hereinafter called the "Kinnan patent," against an alleged infringer. The district court denied relief on the ground that the patent was invalid for "obviousness" within the meaning of section 103 of Title 35, United States Code. 1970, D.C., 316 F. Supp. 303. The appeal followed.

The Kinnan patent claims and discloses an apparatus for plowing ground and at the same time laying continuous flexible cable in the slit cut by the advancing plow blade. The patent is in the field of mechanics. It discloses a combination of elements, none of them new. The essential elements are a vehicle with an elongated chassis (Kinnan used a road grader), an elongated beam offset laterally from the chassis and connected to the side of the chassis near the front by a pivot mounting so that the beam can move either laterally or vertically, a cable plow hinged to the free extremity of the beam with an attached trailing structure through which cable can be payed out into the slit in the ground behind the plow, and several hydraulic cylinders so disposed as to facilitate the swinging and rotation of the beam and contained all of the Kinnan elements, the canting of the plow blade.

No single apparatus before Kinnan However, the district court properly found on the basis of evidence before it that all of these elements were old, that all appeared in the prior art and that "the differences between the prior art and the claims at issue are differences of arrangement and placement of the various elements."

It is familiar and often quoted learning that the "mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, is not patentable invention." Lincoln Engineering Co. v. Stewart-Warner Corp., 1938, 303 U.S. 545, 549, 58 S.Ct. 662, 664, 82 L.Ed. 1008. Similarly, the Supreme Court has cautioned us that, particularly in the field of mechanics, courts "should scruti-

nize combination patent claims with care proportioned to the difficulty and improbability of finding invention in an assembly of old elements." Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 1950, 340 U.S. 147, 152, 71 S.Ct. 127, 130, 95 L.Ed. 162. Moreover, we have been instructed that the present section 103 of Title 35 "was not intended by Congress to change the general level of patentable invention." Graham v. John Deere Co., 1966, 383 U. S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545. Applying the statutory test of obviousness in the light of the quoted concepts, we are satisfied that the district court properly analyzed Kinnan's claims and disclosures and concluded that the plaintiff's aggregation of old elements did not constitute patentable invention.

Finally, the contention that the plaintiff's commercially successful machine effectively filled a long felt need is neither factually accurate nor legally dispositive. At most such a showing can be a significant makeweight where other indicia of invention are present but on the record of this case there was not even a "long felt" need.

Kinnan's own testimony showed that it was not until the middle 1960s that increasing public protest against the unsightliness and hazards of overhead distribution cables created strong and urgent commercial demand for an efficient and inexpensive means of laying such cable underground. Moreover, it was only in recent years that plastic coatings had been developed that would adequately protect ordinary distribution cable from deterioration underground without making the cable too cumbersome and rigid for practical general use. Responding to these recent developments, Kinnan, familiar with the prior art, devoted no more than two weeks to the design and construction of his apparatus. This is not a picture of an inventive response to a need that those skilled in the art had long recognized and tried without success to satisfy.

The judgment will be affirmed.