ALBANY NOVELTY MANUFACTUR-
ING CO., and Samuel Danto-
witz, Plaintiffs,
and Samuel Dantowitz, Plaintiffs,

v.

AMERICAN KLEER–VU PLASTICS,
INC., Defendant.

Civ. A. No. 18766.

United States District Court
E. D. New York.

May 22, 1962.

Amster & Levy, New York City, for plaintiffs. Morton Amster, New York City, of counsel.

Harry Price, New York City, for defendant.

BRUCHHAUSEN, Chief Judge.

The corporate plaintiff by its first cause of action seeks a declaratory judgment that U. S. Patents Nos. 2,797,461 and 2,828,790, covering certain novel wing assemblies for wallets and clip arrangements therefor are invalid and not infringed. The second and third causes of action were alleged in behalf of the individual plaintiff by authority of 35 U.S.C.A. § 292. They were withdrawn at the commencement of the trial. The individual plaintiff withdrew as a party. The defendant entered a general denial and counterclaimed alleging infringement and unfair competition. It withdrew its jury demand and moved for an injunction and an accounting.

At the commencement of the trial the plaintiff offered "Plaintiffs' Patent Book, patents in suit and prior art patents relied upon by the plaintiffs." It was marked Exhibit 7. The defense objected on the ground that a 30-day notice was not given pursuant to 35 U.S.C.A. § 282. The envelope in which the notice was mailed to the defendant was postmarked

January 17, 1962, 1 A.M. and received by the defendant later that same day. It is obvious, therefore, that the letter was deposited in the mail on January 16, 1962. In computing the 30-day period and even excluding January 17 as the starting date, the defense received 30 days notice because the statute states the last day of the period so computed shall be included. The statute further vests discretionary power in the court to receive such proof even if the technical 30-day rule is violated provided there is no prejudice. Absolutely no prejudice has been shown. See Fairchild v. Poe, 5 Cir., 259 F.2d 329.

Secondly, the defendant in its reply brief states that as soon as the second and third causes of action were withdrawn, it promptly gave notice of the withdrawal as to Patent No. 2,797,-461. A reading of the trial minutes fails to disclose any such withdrawal. At page 250 thereof Mr. Price, for the defendant, moved for a dismissal as to Patent No. 2,797,461 on the ground that no controversy was shown to exist. The plaintiff in its reply brief alleges that the controversy is disclosed in letters of the attorneys, marked Exhibits 19 and 21B. The counterclaim is for infringement of Patent No. 2,797,461. Under the circumstances the court deems it in the interest of justice to include Patent No. 2,797,461 in this determination.

Patent No. 2,797,461 is a two-piece clip, the purpose of which is to hold together wings in a wallet or a pass case which can be easily removed or added thereto. This two-piece clip is old in the art. Plaintiff's Exhibit 7 indicates many prior two-piece clips. The only difference is in minor structural detail and no evidence established that this new design performed any new function or operation. The United States Supreme Court in Lincoln Engineering Co. of Illinois v. Stewart-Warner Corp., 303 U.S. 545, at page 549, 58 S.Ct. 662, at page 664, 82 L.Ed. 1008, held in part:

"The mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, is not patentable invention."

We have here a two-piece clip which simply holds wings together in a wallet or pass case.

The notched wing invention, Patent No. 2,828,790, was the item seriously litigated. The defendant alleges that it has a valid invention because the wings are cemented to the center body which has notched ends. The novel idea claimed is a clip which can be maintained within the opposite end notches located on the body member of the wing assembly. The defendant urges that these notches made it possible to eliminate holes in the body member thereby eliminating threading of these wings. Admittedly the elimination of threading the wings was advantageous. It took less time in assembling and a great saving in labor costs. This type of notched wing was adopted in the trade because of this advantage. The defense contends that the prior art did not anticipate this idea because all the prior wing assemblies had holes punched into the body members. This contention is untenable. U.S. Patent No. 563,525 dated July 7, 1896 issued to Frank J. Wende, plaintiff's Exhibit 7, tab. 4, clearly anticipates the present patent. The teaching in Wende, second column, lines 89 to 98 is as follows:

"To prevent the leaves from moving upon one another, I have shown the ends of the back plate as turned up and set into recesses or notches in the side of the leaves, but obviously this can be accomplished by other means, as, for example, by pins or fastenings of various kinds. Moreover, the elastic clamp need not entirely surround the leaves, but may be shorter than the width of the leaves, its ends passing up through holes therein."

The defendant relies heavily on evidence that this device has enjoyed

commercial success. But commercial success without invention will not make patentability. Toledo Pressed Steel Co. v. Standard Parts, Inc., 307 U.S. 350, 59 S.Ct. 897, 83 L.Ed. 1334.

Mr. Justice Douglas in his concurring opinion in Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, at pages 154, 155, 71 S.Ct. 127, at page 131, 95 L.Ed. 162, stated:

"It is not enough that an article is new and useful. The Constitution never sanctioned the patenting of gadgets. Patents serve a higher end—the advancement of science. An invention need not be as startling as an atomic bomb to be patentable. But it has to be of such quality and distinction that masters of the scientific field in which it falls will recognize it as an advance. Mr. Justice Bradley stated in Atlantic Works v. Brady, 107 U.S. 192, 200 [2 S.Ct. 225, 27 L.Ed. 438], the consequences of a looser standard:

" 'It was never the object of those laws to grant a monopoly for every trifling device, every shadow of a shade of an idea, which would naturally and spontaneously occur to any skilled mechanic or operator in the ordinary progress of manufactures. Such an indiscriminate creation of exclusive privileges tends rather to obstruct than to stimulate invention. It creates a class of speculative schemers who make it their business to watch the advancing wave of improvement, and gather its foam in the form of patented monopolies, which enable them to lay a heavy tax upon the industry of the country, without contributing anything to the real advancement of the arts. It embarasses the honest pursuit of business with fears and apprehensions of concealed liens and unknown liabilities to lawsuits and vexatious accountings for profits made in good faith.'

"The standard of patentability is a constitutional standard; and the question of validity of a patent is a question of law. Mahn v. Harwood, 112 U.S. 354, 358 [5 S.Ct. 174, 6 S.Ct. 451, 28 L.Ed. 665]."

This device belongs with the listing found at the end of the concurring opinion.

### ATTORNEY FEES

The statute 35 U.S.C.A. § 285 reads as follows:

"The court in exceptional cases may award reasonable attorney fees to the prevailing party."

■ The court is of the opinion that this is not an "exceptional" case in which an award of attorneys' fees would be appropriate.

### UNFAIR COMPETITION

■ The defendant alleges the gold body member band has been distinctive of defendant's merchandise and was associated with its article. In order to be entitled to this relief it is essential that this color acquired a secondary meaning. The evidence falls far short in sustaining this charge. Norwich Pharmacal Company v. Sterling Drug, Inc., 2 Cir., 271 F.2d 569.

The credible evidence establishes that Patent Nos. 2,797,461 and 2,828,790 are invalid and void and not infringed by the plaintiff.

The plaintiff is entitled to the following relief:

1. A determination that the defendant's patent Nos. 2,797,461 and 2,828,790 are invalid and void and not infringed by the plaintiff and granting the injunction sought by the plaintiff.

2. Dismissal of defendant's counterclaim.

3. The award of taxable costs.

Appropriate findings of fact and conclusions of law will be filed with this opinion.