Harold C. PIERCE, Appellant,

v.

BEN–KO–MATIC, INC., and Benjamin Kobak, Appellees.

No. 17673.

United States Court of Appeals
Ninth Circuit.

Dec. 6, 1962.

476

White & Haefliger, William W. Haefliger, Los Angeles, Cal., and Buckhorn, Cheatham & Blore, and Kenneth S. Klarquist, Portland, Or., for appellant.

Ramsey, Kolisch & Hartwell, and J. Pierre Kolisch. Portland, Or., for appellees.

Before KOELSCH and BROWNING, Circuit Judges, and TAYLOR, District Judge.

FRED M. TAYLOR, District Judge.

This is an appeal from a judgment of the United States District Court for the District of Oregon dismissing appellant's complaint for alleged infringement of Pierce Patent Number 2,927,820 and adjudging claims 4, 5, 6, 7 and 32 of the patent invalid.

The patent in question, Pierce Patent Number 2,927,820, entitled "Street Sweeper Brush Winding Machine", was issued March 8, 1960 on an application filed October 28, 1955. It is a machine for applying bristles to the broom cores of large rotary brooms used in street sweeping machines. Appellee manufactured a similar machine and this suit for infringement resulted. The accused machine, known as the Ben-Ko-Matic, was invented by Benjamin Kobak and is the subject of patent Number 2,937,900 issued May 24, 1960, on application filed August 21, 1957, and patent Number 2,938,750, issued May 31, 1960, on application filed July 16, 1958.

The issues as framed by the pre-trial order and tried in the trial court included the validity and infringements of claims 4, 5, 6, 7 and 32 of the Pierce Patent.

█ The trial court held appellant's patent Number 2,927,820 invalid for lack of invention. We agree.

Among other things the trial court found claim 4 to be the basic claim in issue and that claims 5, 6, 7 and 32 stand or fall with the basic claim; that claim 4 calls for a broom filling machine having the following elements: (a), means for rotating a broom core; (b), a carriage; (c), means for feeding a cable, including a drum; (d), means for feeding bristles; (e), guide means for centering the cable with respect to the broom core and the bristles; that the file wrapper references of the Pierce Patent, Franz, 737,381; Carroll, 1,670,061; Plumeau, 2,323,420; Werkheiser, 2,521,105; Seavey, 2,720,-423; Enchelmaier et al., 2,797,966, plus the patents to Griscom, 2,035,881 and Scully et al., 2,105,334, which were not file wrapper references, establish that all of the elements and their functioning as called for in claim 4 of the Pierce Patent were old in the art and that any changes which Pierce may have made with respect to the arrangement or functioning of those elements are obvious to one having ordinary skill in the art, or, at best, a matter of designer's choice and of no significance; that the assembling and functioning of the elements called for in claim 4 produce no new surprising or different result from what would be expected by one having ordinary skill in the art. The court further found that the M-B Corporation of New Holstein, Wisconsin, in the fall of 1953, manufactured a broom filling machine which is a complete anticipation of claim 4 of the Pierce Patent; that the M-B machine was publicly used and brooms which had been wound with the machine were sold commencing in the fall of 1953; that defendants established beyond a reasonable doubt that the M-B machine was in existence and public use for more than one year prior to October 28, 1955, the filing date of the patent in suit.

Upon a careful examination of the entire record we find that there is substantial evidence to support the findings of the trial court and we adopt them as the findings of this court.

At the hearing before this court counsel stressed the issue of whether the Pierce Patent is valid. In the main, the argument was concentrated on the similarity of function or operation of the Pierce machine and the M-B machine.

■ A person is not entitled to a patent if the invention was in public use or on sale in this country more than one year prior to the date of the application for patent in the United States. 35 U. S.C. § 102(b).

It clearly appears from the evidence that the M-B machine was built in 1953, more than one year prior to appellant's application for patent in October, 1955, and was used openly in the plant of that firm. Numerous people toured the plant during this period and saw the machine in operation. This is sufficient to invalidate appellant's patent under the statute, provided the M-B machine anticipated appellant's machine

■ Appellant contends that there is a new and functional difference between his machine and the M-B machine mainly because he uses a pulley as a guide means for the cable while the M-B machine uses a squeeze block in the path of the cable between the drum and the guide pulley. It appears that both devices are known and used and perform equivalent functions. The use of a squeeze block seems to be a matter of mechanical choice and there is no significant new and functional difference in the guide means used by appellant in his machine.[1]

"The improvement of one element or part in a combination of old elements or parts does not entitle a patentee to a monopoly on the entire combination. * * * A patent should not be granted for the discovery of a result which would flow naturally from the teachings of the prior art. * * * The extended application or the carrying forward of an earlier idea or conception of another involving a change in form, material, proportion or degree where the same work is performed in substantially the same way by substantially the same means although with better results, does not constitute invention. Mere advance in efficiency and utility is not sufficient to convert a noninventive aggregation of old elements and parts into a patentable combination. * * Minor differences in design and construction of a patented device over the prior art, involving no new principles and accomplishing nothing more than one skilled in the art could readily discern, do not amount to invention. * * *

" * * * the ingenious application of known principles to a known problem by the use of devices already known and understood to produce a predictable result does not amount to invention. * * * " Perfect Circle Corp. v. Hastings Manufacturing Co., 162 F.Supp. 777, 784 (D.C.W.D.Mich.1958).

■ We are convinced that the Pierce machine is a mere aggregation of old parts or elements which, in the aggregation, perform no new or different function or operation from that theretofore performed or produced by them. Under such circumstances appellant's machine is not a patentable invention.[2]

The judgment of the district court is Affirmed.

1. Cf. Neff Instrument Corporation v. Cohu Electronics, Inc., 298 F.2d 82 (9th Cir., 1961).

2. Lincoln Engineering Co. etc. v. Stewart-Warner Corp., 303 U.S. 545, 549, 58 S. Ct. 662, 82 L.Ed. 1008 (1938); Berkeley Pump Co. v. Jacuzzi Bros., 214 F.2d 785 (9th Cir., 1954); Beatty Safway Scaffold Co. v. Up-Right, Inc., 306 F.2d 626 (9th Cir., 1962).